UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| CARNELL PORTER and<br>STANLEY NIXON,<br><br>    Plaintiffs,<br><br>v.<br><br>BILLY CUNNINGHAM, GREGORY<br>ERNST, CHADWICK HUGHES,<br>SEAN ORGAN, and ANTONIO<br>TAHARKA,<br><br>    Defendants. | Case No. CV408-182 |

## REPORT AND RECOMMENDATION

Plaintiffs Carnell Porter and Stanley Nixon filed a joint complaint pursuant to 42 U.S.C. § 1983 against several Savannah-Chatham County police officers. (Doc. 1 at 8.) On September 15, 2008, the Court ordered plaintiffs to show cause why their case should not be dismissed and directed them to file a new complaint signed by both plaintiffs (the first complaint was signed by Porter alone, in violation of Rule 11(a) of the Federal Rules of Civil Procedure). (Doc. 3.) Due to a mailing address mix-up, the order was not sent to the proper address until October 20, 2008. Plaintiffs were directed to submit a corrected complaint and

respond to the show cause order within twenty days. (Id.) Nearly a full month has passed since the order was mailed, but plaintiffs have not responded.

A district court retains the inherent power to police its docket and to enforce its orders. Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Brown v. Tallahassee Police Dept., 2005 F. App'x 802, 802-3 (11th Cir. 2006). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." L.R. 41.1 (b), (c). "[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It follows that "[t]hese rules provide for sanctions . . . for failure to comply with court orders," and a pro se litigant "is and should be subject to sanctions like any other litigant." Id.

Plaintiffs' disregard of an order of this Court warrants a dismissal of their action under Rule 41(b) of the Federal Rules of Civil Procedure. No lesser sanction short of dismissal appears appropriate given plaintiffs' lack of interest in responding to this Court's orders. Mingo, 864 F.2d at 102; Goforth v. Owens, 766 F.2d 1533, 1534 (11th Cir. 1985).

**SO REPORTED AND RECOMMENDED** this 11th day of December, 2008.

/s/ G. R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA